**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DAVID GABINO CHAVARRIA,

Petitioner - Appellant,

v.

TIMOTHY E. BUSBY, Warden,

Respondent - Appellee.

No. 11-56540

D.C. No. 2:07-cv-05857-DOC-RCF

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Submitted July 11, 2013[**]
Pasadena, California

Before: GRABER, RAWLINSON, and WATFORD, Circuit Judges.

Petitioner David Chavarria, a California state prisoner, appeals from the

district court's order denying his 28 U.S.C. § 2254 habeas corpus petition

challenging his conviction for conspiracy to commit murder.  He contends that

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

there was insufficient evidence to support the specific-intent-to-kill and agreement elements of the crime and that he is entitled to relief under 28 U.S.C. § 2254(d)(1) because, in rejecting his sufficiency-of-the evidence arguments, the California Court of Appeal unreasonably applied *Jackson v. Virginia*, 443 U.S. 307 (1979). Reviewing with the "two layers of judicial deference" applicable to *Jackson* claims in federal habeas proceedings, *Coleman v. Johnson*, 132 S. Ct. 2060, 2062 (2012) (per curiam), we affirm.

The evidence at trial showed that co-defendant Damon Flores saw a rival gang member, David Cabrera, in Dog Patch territory, armed himself with a firearm, and then directed Misty Luna to drive him to Cabrera's residence. On the way there, Chavarria pulled his vehicle alongside Flores's to have a conversation, during which Flores told Chavarria that he knew where "that cheese sider lives" and to "Follow me, Dog." After the conversation, Flores led Chavarria to Cabrera's residence and a deadly gun battle ensued. During the shootout, Cabrera's neighbor saw multiple muzzle flashes and heard two distinct sounds of gunfire coming from the intersection where Flores's and Cabrera's vehicles were located. Although no gun was ever recovered from Chavarria, gunshot residue was found in his vehicle and, during a jailhouse conversation recorded after his arrest, Chavarria told his girlfriend to recover a bullet he had accidentally shot into his car

because it was "from the same barrel." Viewing this evidence "in the light most favorable to the prosecution," *Jackson*, 443 U.S. at 319, a rational jury could have inferred that Chavarria and Flores discussed and agreed to kill Cabrera as retaliation for entering Dog Patch territory and that Chavarria followed Flores to assist with the attack.

Chavarria argues that the district court erred by relying on the theory that Chavarria shot and killed Cabrera even though the trial court granted a judgment of acquittal on the murder count. But, as the California Court of Appeal correctly noted, whether or not there was sufficient evidence to prove that Chavarria fired the fatal shot is irrelevant to the conspiracy conviction; the jury had to find beyond a reasonable doubt only that Chavarria agreed and specifically intended to kill. *See People v. Swain*, 909 P.2d 994, 996–97 (Cal. 1996). As discussed above, there was sufficient evidence from which a rational jury could so conclude. Thus, the California Court of Appeal's conclusion that there was sufficient evidence to convict Chavarria of conspiracy to commit murder did not involve an "objectively unreasonable" application of *Jackson*. *Juan H. v. Allen*, 408 F.3d 1262, 1275 n.13 (9th Cir. 2005) (internal quotation marks omitted); *see also Cavazos v. Smith*, 132 S. Ct. 2, 6–8 (2011) (per curiam).

**AFFIRMED.**